IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE         : Def. I.D. No.:  0310025073
                               :
       vs.                      :
                               :
MARVIN DALLAS,             :
                               :
        Defendant.        :
                               :

## <u>OPINION & ORDER</u>

Submitted:  August 23, 2024
Decided:  September 12, 2024

*Defendant's Motion for Modification/Reduction of Sentence – **DENIED.***

**Conner, J.**

After midnight on April 29, 2003, Marvin Dallas ("Defendant") broke into the home of a 52-year-old woman whom he beat and raped before stealing her purse and fleeing. Just under five months later,[1] after midnight on September 24, 2003, Defendant broke into the home of a 49-year-old woman whom he beat, bound, suffocated, and raped twice before stealing her purse and fleeing. DNA evidence confirmed Defendant was the perpetrator of these crimes. Defendant selected these victims because he knew "both lived alone and had no kids."[2]

For these actions, Defendant was charged with three counts of Rape First Degree, two counts of Robbery First Degree, two counts of Burglary First Degree, two counts of Attempted Rape First Degree, and Wearing a Disguise During the Commission of a Felony. Defendant entered a guilty plea to three counts of Rape First Degree, a presentence investigation was ordered, and Defendant was sentenced to 75 years at level V followed by fifteen years at level III on July 23, 2004.

Defendant was 16 years old when he committed the crimes described above. The United States Supreme Court in *Graham v. Florida*[3] and *Miller v. Alabama*[4] "acknowledge that juveniles are fundamentally different from adults for purposes of

---

[1] According to Defendant's Presentence Report at 13, "[i]t is worthy of note that several months separate the first rape from the second. This is explained by the automobile accident in which the offender was involved in May of 2003. The offender's leg was broken as a result of said accident."

[2] Dallas 2016 Sex Offender Risk and Needs Assessment at 2.

[3] 560 U.S. 48 (2010).

[4] 132 S. Ct. 2455 (2012).

sentencing and those differences make them generally less culpable. In this regard, the Supreme Court also emphasized the need for these offenders to have the opportunity to show growth and maturity upon reaching the age of majority, which in some circumstances, should weigh in favor of their early release."[5] In response to those cases our General Assembly amended 11 *Del. C.* § 4204A.[6]

Before the Court is Defendant's motion seeking modification of his sentence under Superior Court Rule of Criminal Procedure 35A and 11 *Del. C.* § 4204A. Defendant's motion is opposed by the Department of Justice. Perhaps more importantly, the victims of Defendant's crimes are "opposed to any amendment to the movant's sentence, especially an amendment that would allow for an early release…. They talked at length [to the Department of Justice] about the toll being physically and sexually assaulted has taken on them over the years. This is a matter they both thought was behind them."[7] The fact that these victims are still traumatized twenty-one years later demonstrates the absolutely horrific nature of these crimes.

The Court's analysis of Defendant's motion begins with 11 *Del. C.* § 4204A, which provides in part that:

---

[5] *State v. Walker*, 2017 WL 527564 at *1 (Del. Super. Ct. Feb. 8, 2017).
[6] *Id.*
[7] May 10, 2024, Letter from Deputy Attorney General Batten.

…any offender sentenced to an aggregate term of incarceration in excess of 20 years for any offense or offenses other than murder first degree that were committed prior to the offender's eighteenth birthday shall be eligible to petition the Superior Court for sentence modification after the offender has served 20 years of the originally imposed Level V sentence.

Defendant was sentenced to 75 years at level V for three counts of Rape in the First Degree. He committed the offenses prior to his eighteenth birthday. He has been incarcerated for 20 years. Therefore, he is statutorily entitled to petition this Court for a review of his sentence.

Superior Court Rule 35A controls the process for review of Defendant's motion and "recognizes the Court's discretion to grant or deny the modification request."[8] The Court's analysis should focus on if "the offender shows sufficient growth, maturity or other such mitigating factors."[9]

Defendant's Motion for Modification/Reduction of Sentence identifies mitigating and other factors for the Court to consider. These include: a minimal adjudication of delinquency history; a home life that was "chaotic," abusive and neglectful; and he was diagnosed with Dyslexia and ADHD. These are mitigating factors identified in *Miller* and the SENTAC Benchbook. A review of the

---

[8] *Walker*, at *1 (citing 35A(d)(2)).
[9] *Walker* at *2.

presentence report and the sentencing transcript satisfies this Court that the sentencing judge contemplated these mitigating factors on July 23, 2004.

Defendant's motion states that he is showing growth and maturity by having minimal write-ups in prison over the past decade. A review of his disciplinary prison record paints a different picture. Defendant has "accumulated several major and minor disciplinary infractions throughout his period of incarceration."[10] Defendant's DOC disciplinary records reveal that as an adult he was found guilty of 32 disciplinary infractions. These infractions include failures to obey orders, possession of drugs, possession of dangerous contraband, disorderly/threatening behavior towards corrections officers, and the possession of pornographic imagery.

The most unsettling of Defendant's disciplinary infractions occurred just last year. On April 7, 2023, Defendant approached a female corrections officer in the yard, bumped into her, grabbed her buttocks, and then grinned at her.[11] On April 13, 2023, a hearing was held wherein a finding of guilt for sexual assault on staff was affirmed. On April 19, 2023, DOC determined Defendant had a risk assessment score of 19 and classified him as a maximum-security risk. This conduct clearly does not demonstrate growth and maturity.

---

[10] 2018 DOC report to Board of Parole at 5.
[11] DOC Incident Report 1188683.

The Court acknowledges that Defendant has completed several courses and gained certificates while incarcerated. However, given the heinous and serial nature of the crimes which led to his conviction, the Court is incredibly troubled by Defendant's recent sexual assault on a Correction's Officer. Defendant has failed to demonstrate to the Court growth and maturity sufficient to warrant a modification of his sentence. Therefore, Defendant's Motion for Modification/Reduction of Sentence is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge


oc:   Prothonotary
cc:   Counsel